IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-00061-D

| | | |
|---|---|---|
| CINDY L. CHAPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On February 16, 2012, Magistrate Judge Daniel issued a memorandum and recommendation ("M&R") [D.E. 35]. In the M&R, Judge Daniel recommended that the court deny Cindy L. Chaple's ("Chaple" or "plaintiff") motion for judgment on the pleadings [D.E. 27], and grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 29]. On February 28, 2012, plaintiff objected to the M&R. Pl.'s Obj. [D.E. 36]. On March 9, 2012, the Commissioner responded in opposition to plaintiff's objections [D.E. 38].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. First, plaintiff objects to Judge Daniel's determination that the ALJ did not err by not considering plaintiff's bacterial infection to be a severe impairment. Pl.'s Obj. 1–2; see M&R 8–11. Judge Daniel correctly stated that a diagnosis of a condition does not necessarily mean that the resulting impairment is severe. M&R 9; see Cobb-Leonard v. Astrue, No. 3:10-CV-449-MOC-DCK, 2011 WL 4498876, at *5 (W.D.N.C. Sept. 8, 2011), mem. & recommendation adopted by, 2011 WL 4498864 (W.D.N.C. Sept. 27, 2011). Although plaintiff was diagnosed with a bacterial infection and testified that her condition caused pain, see Tr. 28–30, she did not present any evidence that the infection was an impairment, much less a severe impairment. See id. at 28–30, 256–59. Accordingly, substantial evidence supports the ALJ's conclusion that plaintiff's bacterial infection was not a severe impairment.

Second, plaintiff objects to Judge Daniel's determination that the ALJ did not err by not considering plaintiff's learning disability to be a severe impairment. Pl.'s Obj. 2–3; see M&R 11–13. In support of plaintiff's argument that her learning disability is a severe impairment, plaintiff notes that she needs her husband to explain things, see Tr. 23–24, that she was in a special education class while in school, see id. 23, and that a consultative examiner stated that she had "impaired" judgment. See id. 337. However, the evidence also indicates that plaintiff was able to care for her children, cook, drive a car, socialize with friends, pay bills, and handle money. See id. 206–13. In addition, plaintiff graduated from high school, see id. 22, and Dr. Tovah Wax concluded that plaintiff did not have a severe mental impairment. See id. 349–63. Moreover, as Judge Daniel

2

noted, the record lacks evidence that plaintiff "had difficulty following simple instructions, dealing with supervisors or co-workers, or responding to changes in a routine work setting." M&R 12. Accordingly, substantial evidence supports the ALJ's conclusion that plaintiff's learning disability was not a severe impairment.

Third, plaintiff objects to Judge Daniel's determination that the ALJ did not err by not considering Listing 11.14. Pl.'s Obj. 3–4; see M&R 13–16. Plaintiff argues that there was evidence showing that plaintiff met the requirements of Listing 11.14, and that the ALJ should have specifically identified and discussed Listing 11.14 in his ruling. Pl.'s Obj. 3–4. To satisfy Listing 11.14, plaintiff must have "[s]ignificant and persistent disorganization of motor function in two extremities . . . ." 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 11.04B, 11.14. In support, plaintiff notes a test that indicates that she had "severe subacute denervation" and an "absence of the right peroneal F response," Tr. 412, her testimony about her difficulty walking, id. 26, 30, and Dr. Tin Le's ("Dr. Le") statement that plaintiff's "[a]mbulation is unstable . . . ." Id. 366. Dr. Le's report, however, indicates that plaintiff is unstable only "for long distances," has normal motion in both feet, and has no muscle atrophy in her lower extremities. See id. In addition, Dr. Helen Cannon testified that plaintiff, despite having Charcot-Marie-Tooth disease, did not meet a Listing. See id. 13, 33. Accordingly, substantial evidence supports the ALJ's conclusion that plaintiff did not meet the requirements of Listing 11.14.

Moreover, although the ALJ should "identify the relevant listings and . . . explicitly compare the claimant's symptoms to the requirements[,] . . . [m]eaningful review may be possible even absent the explicit step-by-step analysis . . . where the ALJ discusses in detail the evidence presented and adequately explains his consideration thereof." Johnson v. Astrue, No. 5:08-CV-515-FL, 2009 WL 3648551, at *2 (E.D.N.C. Nov. 3, 2009); see, e.g., Green v. Chater, No. 94-2049, 1995 WL 478032,

3

at *3 (4th Cir. Aug. 14, 1995) (per curiam) (unpublished); Russell v. Chater, 60 F.3d 824, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (per curiam) (unpublished table decision). Here, despite not identifying Listing 11.14, the ALJ did evaluate the medical evidence and explain his consideration of plaintiff's walking ability. See Tr. 11–13. Accordingly, the ALJ adequately considered Listing 11.14.

In sum, the court OVERRULES plaintiff's objections [D.E. 36] and adopts the M&R [D.E. 35]. The court GRANTS the Commissioner's motion for judgment on the pleadings [D.E. 29], DENIES plaintiff's motion for judgment on the pleadings [D.E. 27], and AFFIRMS the Commissioner's final decision.

SO ORDERED. This 20 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge